Morgan, J.
The appellee recovered a judgment in the lower court for $1,316, alleged in his complaint to he- due him from appellant upon a verbal agreement, made between them, individually, for the purchase and sale of some lambs. The appellant contends that the contract was within the statute of frauds, and that a reversal should be had because the proof did not show such a delivery and acceptance of the lambs as would take the contract out of the statute.
At the time the lambs were delivered and when the appellee demanded the payment for them the appellant refused to pay the agreed price of five cents per pound, although he had accepted the lambs at that time, .but claimed the right to take them on another contract of purchase that the appellee and his partner had made for the sale and delivery of a larger number of lambs, at a less price, with the appellant and his partner. The appellant stated, however, in his testimony that he recognized the lambs delivered at that time to be the lambs which he had agreed to buy from the appellee, individually, under the contract sued upon, at five cents a pound.- and further stated that he was willing to pay for them under this latter contract, provided appellee and his partner, afterwards, should deliver all of the lambs which they had agreed to deliver under the contract made between the two partnerships aforesaid. The contract sued upon was made — and this was conceded — between the appellant and the appellee, as individuals, and not in any way connected with their partnership affairs. Part of' the money due for the lambs, 2,527 in number, under the *356 contract sued upon, was paid at the time of said delivery, and accepted by the appellee as a payment upon the contract sued upon, and the appellant,-after such part payment and after the delivery aforesaid, wrote the appellee that he would want to know that the partnership con tracts “shall be filled to their complete number” before he paid in full for the 2,527 head. Appellant’s refusal to pay in full, on the ground that the appellee and his partner had not fulfilled or might not fulfill the contract made between the two firms did not have any binding effect upon the appellee, as an individual, especially when taken in connection with his testimony aforesaid, and in view of the further fact that part of the purchase price was paid under the distinct statement of the appellee that he would accept such payment as a payment upon the contract between himself and the appellant individually, and not in payment upon any other contract that existed between the two partnerships; and the further fact that when such payment was made it was in no way limited, but apparently paid with the understanding that it was upon the individual contract as set forth in the complaint; and also the admission in the letter aforesaid that part payment had been made. Under these conditions the statute of frauds was in no way applicable to the case, because the acceptance and part payment would prevent such application.
The statute of frauds was not pleaded by the defendant in the lower court in his answer, but the case seems to have been tried upon the theory that such defense had been properly pleaded; but, as before stated, the question- as to whether it was or was not pleaded becomes of no importance when it is concluded that the acceptance and part payment was sufficient to avoid the statute. The lower court heard all of the testimony and necessarily came to the conclusion that the statute did *357 not apply, and also that the appellee fully performed his part of the contract and delivered the lambs on the same, and having been paid a portion of the purchase price was entitled to recover, under the facts, the balance that was due.
There are no other assignments. of error sufficient’ to warrant any investigation, and, finding no substantial error in the trial, the judgment of the lower court is affirmed.

Affirmed.